PHILLIP A. TALBERT
Acting United States Attorney
AUDREY B. HEMESATH
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER GEANAKOS,<br><br>Defendant. | CASE NO. 2:13-CR-0404 GEB<br><br>STIPULATION TO CONTINUE MOTION HEARING REGARDING MEDICAL EXAMINATION, VACATE TRIAL DATE, AND EXCLUSION OF TIME; [PROPOSED] FINDINGS AND ORDER<br><br>DATE: August 12, 2016<br>TIME: 9:00 a.m.<br>COURT: Hon. Garland E. Burrell, Jr. |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By this stipulation, the parties now move to continue the motion hearing until August 19, 2016, vacate the September 6, 2016 trial date, and to exclude time between August 11, 2016 and August 19, 2016, under Local Codes A and T4.

2. The parties agree and stipulate, and request that the Court find the following:

    a) On August 5, 2016, the Court set this matter for trial to begin September 6, 2016.

    b) On August 8, 2016, the defendant filed notice of his intent to raise an insanity defense at trial. The defense is still waiting to receive the expert report that it intends to rely on in support of its insanity defense. The defense is unable to provide a date certain as to when the expert report will be completed and produced. Accordingly, the report has not been produced to

the government.

  c) On August 9, 2016, the United States filed a motion pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 4242 and 4247 requesting a court order committing the defendant to the custody of the Bureau of Prisons for a psychiatric or psychological examination to determine the existence of insanity at the time of the alleged offense.  A hearing on the motion was set for August 12, 2016.

  d) On August 11, 2016, the defense filed an opposition to the government's motion wherein the defense opposed the government's request for an in-custody medical examination, and requested that the Court instead order an out-of-custody medical examination.

  e) Counsel for the government has conferred with defense counsel and is working to identify a qualified expert for the Court to designate in accordance with 18 U.S.C. § 4247(b) to conduct the requisite medical examination out-of-custody.

  f) In addition, the defendant has obtained sufficient funds to retain new counsel, and is in discussions with an attorney about representation in this matter.

  g) Based on the above-stated findings, the parties move to (1) continue the August 12, 2016 motion hearing to August 19, 2016; and (2) vacate the September 6, 2016 trial date.

  h) The parties agree that the continuance is necessary so that the defense has time to obtain its expert report, and so that the government can obtain the medical examination to which it is entitled under Rule 12.2(c) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 4242.

  i) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  j) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 11, 2016 to August 19, 2016, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(A) [Local Code A] because it results from proceedings to determine the mental compentency or physical capacity of the defendant.

k) The time period of August 11, 2016 to August 19, 2016, inclusive, is further deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request, and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  August 11, 2016
PHILLIP A. TALBERT
Acting United States Attorney

/s/ SHELLEY D. WEGER
SHELLEY D. WEGER
AUDREY B. HEMESATH
Assistant United States Attorney

Dated:  August 11, 2016
/s/ CLYDE BLACKMON
CLYDE BLACKMON
Counsel for Defendant
CHRISTOPHER GEANAKOS

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  August 12, 2016

GARLAND E. BURRELL, JR.
Senior United States District Judge

STIPULATION TO CONTINUE MOTION HEARING RE MEDICAL EXAMINATION, VACATE TRIAL DATE AND EXCLUSION OF TIME

3