PHILLIP A. TALBERT
Acting United States Attorney
AUDREY B. HEMESATH
SHELLEY D. WEGER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER GEANAKOS,<br><br>Defendant. | CASE NO. 2:13-CR-0404 GEB<br><br>STIPULATION TO CONTINUE MOTION HEARING REGARDING MEDICAL EXAMINATION AND EXCLUSION OF TIME; [PROPOSED] FINDINGS AND ORDER<br><br>DATE: August 19, 2016<br>TIME: 9:00 a.m.<br>COURT: Hon. Garland E. Burrell, Jr. |

**STIPULATION**

Plaintiff United States of America, by and through its counsels of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a hearing regarding the United States' motion for a medical examination of the defendant on August 19, 2016.

2. By stipulation, the parties now move to continue the motion hearing until September 9, 2016, and to exclude time between August 19, 2016 and September 9, 2016, under Local Codes A and T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) On August 8, 2016, the defendant filed notice of his intent to raise an insanity defense at trial. The defense is still waiting to receive one of the expert reports that it intends to rely on in support of its insanity defense. The defense is unable to provide a date certain as to

when the expert report will be completed and produced. Accordingly, the report has not been produced to the government.

    b)    On August 9, 2016, the United States filed a motion pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. §§ 4242 and 4247 requesting a court order committing the defendant to the custody of the Bureau of Prisons for a psychiatric or psychological examination to determine the existence of insanity at the time of the alleged offense.

    c)    On August 11, 2016, the defense filed an opposition to the government's motion wherein the defense opposed the government's request for an in-custody medical examination, and requested that the Court instead order an out-of-custody medical examination.

    d)    Since August 11, 2016, counsel for the government has been diligently working to identify a qualified psychiatrist or psychologist that the Court can designate to perform an out-of-custody medical examination in accordance with 18 U.S.C. § 4247(b). Additional time is necessary for the United States to identify a qualified practitioner and to secure the necessary funding.

    e)    Based on the above-stated findings, the parties move to continue the August 19, 2016 motion hearing to September 9, 2016.

    f)    The parties agree that the continuance is necessary so that the defense has time to obtain its expert report, and so that the government can obtain the medical examination to which it is entitled under Rule 12.2(c) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 4242.

    g)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 19, 2016 to September 9, 2016, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(1)(A) [Local Code A] because it results from proceedings to determine the mental compentency or physical capacity of

the defendant.

   i)  The time period of August 19, 2016 to September 9, 2016, inclusive, is further deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request, and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

  IT IS SO STIPULATED.

Dated:  August 18, 2016         PHILLIP A. TALBERT
                    Acting United States Attorney

                     /s/ SHELLEY D. WEGER
                     SHELLEY D. WEGER
                     AUDREY B. HEMESATH
                     Assistant United States Attorneys

Dated:  August 18, 2016         /s/ CLYDE BLACKMON by Shelley Weger
                     CLYDE BLACKMON
                     Counsel for Defendant
                     CHRISTOPHER GEANAKOS

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  August 19, 2016

                     _____
                     GARLAND E. BURRELL, JR.
                     Senior United States District Judge