IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>CHRISTOPHER GEANAKOS,<br><br>　　　　　　　　Defendant. | Case No.  2:13-cr-00404-GEB<br><br>ORDER CONCERNING GOVERNMENT'S REQUEST TO SEAL DOCUMENTS |

On December 29, 2016, the United States submitted to chambers for in camera consideration a proposed sealing order that seeks authority to file under seal the following defense expert witness reports:

1) Report of Dr. Roeder, psychologist

2) Report of Dr. Thomas, psychologist

3) Report of Mr. Mulligan, license clinical social worker

The government filed a public notice of its sealing request on December 29, 2016, in which it cites the authority it opines justifies the sealing it seeks.  The government also submitted for in camera consideration a proposed sealing order in which it indicates that these reports concern evidence the government moves to exclude from the impending jury trial in the motion it filed on December 29, 2016.  Concerning this evidence exclusion motion, the proposed sealing order includes the following paragraph:

> In the event the government does not prevail in its Motion to Exclude [Non-Insanity Evidence of Mental Defect], and the defense expert witnesses are permitted to testify at trial, it would be appropriate to unseal the expert reports at that juncture.  If the evidence is excluded, it would be appropriate to keep the expert reports under seal indefinitely.

The government also includes the following sealing justification in its proposed sealing order:

> Each report contains sensitive, personal medical information th[at] relates

1

to defendant Christopher Geanakos's proposed insanity defense. To respect the privacy of the defendant, the government submits these reports under seal for the Court's consideration in conjunction with the government's Motion to Exclude. <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1179 (9th Cir.2006) (requiring compelling reason for the sealed filing of documents); <u>Lombardi v. TriWest Healthcare Alliance Corp.</u>, CV 08–02381, 2009 WL 1212170, *1 (D.Ariz. May 4, 2009) (allowing the defendant to file exhibits under seal where they contained "sensitive personal and medical information" (citing <u>Kamakana</u>, 447 F.3d at 1179)); <u>Montin v. Ramsey</u>, CV 08–3082, 2009 WL 2225621, *2 (D.Neb. July 16, 2009) (allowing a reply brief and exhibits to be filed under seal where they contained medical and treatment records); <u>Skinner v. Ashan</u>, CV 04–2380, 2007 WL 708972, *2 (D.N.J. Mar. 2, 2007) (observing that medical records "have long been recognized as confidential in nature").

The government's following argument in its evidence exclusion motion contextualizes the sealing request and indicates that certain of Geanakos's privacy rights have been surrendered since he has placed his sanity at issue when he gave notice of this defense against the indicted child pornography charges in this criminal case:

> Defendant Christopher Geanakos has filed a notice of insanity defense pursuant to Rule 12.2(a) of the Federal Rules of Criminal Procedure. Geanakos has provided notice of three expert witnesses who would testify [at the impending jury trial] in support of this defense; the government now moves to exclude this proffered testimony as it is non-insanity psychological evidence that is expressly prohibited under [the] Insanity Defense Reform Act, 18 U.S.C. § 17. Furthermore, the Court's gatekeeping function under Fed. R. Evid. 702 and 704 requires the exclusion of junk science that would link high-functioning autism with viewing child pornography—a theory that is unreliable and irrelevant to the affirmative insanity defense.

(Mot. to Exclude Mental Health Evid. 1:2–10, ECF No. 85.) The government also argues in its evidence exclusion motion: "This is not a case where the insanity defense can be advanced through the proposed expert testimony contained in the Roeder, Thomas, or Mulligan Reports. The proposed testimony should be excluded." (<u>Id.</u> at 17:2–5.)

The government has not shown that the extent of the secrecy it seeks is authorized under applicable sealing jurisprudence. Since Geanakos has chosen to rely on information in the reports to support of his insanity defense and the government argues the referenced information is insufficient to support the defense, the government has not shown that the information in a report on which a party relies should not be discussed in a publicly filed document. <u>See</u> <u>United States v. King</u>, No. 10 Cr. 122(JGK), 2012 WL 2196674, at *2 (S.D.N.Y., June 15, 2012) (indicating that when a defendant relies

on her own medical records to influence the trier of fact she is required to show a compelling interest justifies sealing that portion of the records); <u>United States v. Hoyt</u>, 2016 WL 776595, at *3 (S.D. Ohio, Feb. 29, 2016)(indicating the Court must consider whether sealing the Forensic Report is narrowly tailored to serve Defendant's privacy interest, and whether Defendant has overcome the public's presumed First Amendment right to access portions of the Forensic Report relied upon to the dispute or support the insanity defense).

> The Supreme Court has made clear that criminal proceedings and documents may be closed to the public without violating the first amendment only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.

<u>Oregonian Pub. Co. v. U.S. Dist. Court</u>, 920 F.2d 1462, 1466 (9th Cir. 1990). "[E]ven if [certain] privacy rights of [Geanakos] and others named in [the reports] constitute a compelling interest," the government has not shown that there are no "alternatives" to the degree of "closure" it seeks "that can protect these interests." <u>United States. v. Guerrero</u>, 693 F.3d 990, 1003 (9th Cir. 2012).

In light of the government's pending motion to exclude evidence involved with Geanakos's insanity defense and the closeness of the impending jury trial, the request to file the reports under seal is granted, with the understanding that whatever portion of a sealed report is relied on by a party, including the sealed report prepared by Jason Roof, M.D., that portion shall be filed in some manner on the public docket, unless a party seeks and is granted authority under the applicable sealing standard to keep secret what is referenced, or some portion thereof. Absence such authority, it should be understood that those portions of the reports that concern the merits of the Geanakos's insanity defense are not considered legitimately sealed and shall be discussed in a document filed on the public docket and in a courtroom open to the public.

Dated: January 5, 2017

GARLAND E. BURRELL, JR.
Senior United States District Judge