UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>CHRISTOPHER GEANAKOS,<br><br>        Defendant. | No.  2:13-cr-0404-GEB<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

The bench trial in this action occurred on February 28, 2017. Following each party resting the United States requested that factual findings issue. Federal Rule of Procedure 23 prescribes: "If a party requests before the finding of guilty or not guilty, the court must state its specific findings of fact in open court or in a written decision or opinion." After consideration of the testimony and exhibits offered at trial, the Government's proposed findings of facts (doc. no. 105), and closing arguments, the Court finds as follows.

<u>FINDINGS OF FACT</u>

1.    The tower computer (Government's Exhibit 101) contained the Western Digital hard drive (Government's Exhibit 100), and both belonged to Geanakos. Geanakos was the only user of that computer. Geanakos indicated that kept the computer password-protected.

2.    Geanakos downloaded a video from the "Vicky"

1 series of child pornography onto his computer.

2     3. "Vicky" was filmed outside the State of California, and downloaded by Geanakos at his residence in the State and Eastern District of California.

    4. Geanakos's hard drive, serial number WCAV59310609 (Government's Exhibit 100), was manufactured in Thailand and used by Geanakos to download child pornography in the State and Eastern District of California.

    5. The victim in the "Vicky" video is a real person who was under the age of 18 at the time the video was filmed.

    6. The "Vicky" video on Geanakos's computer has a file creation date of April 23, 2013 and Geanakos saved it in his "dl" folder.

    7. "Vicky" features a nude prepubescent girl who is licking and then orally copulating an adult male's penis. The prepubescent girl moves to the side of the adult male, who then begins to masturbate and eventually ejaculates into the prepubescent girl's mouth.

    8. Geanakos downloaded an image titled "hr_46.jpg" (Government's Exhibit 7) to his hard drive on April 23, 2013. This image shows a close-up of a prepubescent girl's genital area with what appears to be an adult's finger inserted into the girl's vagina. Geanakos saved this file in the "dl" folder on his hard drive.

    9. Geanakos downloaded an image titled "hr_98.jpg" (Government's Exhibit 1) to his hard drive on April 23, 2013. This image shows a naked infant child and an erect penis visible above the child's face. Geanakos saved this file in the "dl"

1 folder on his hard drive.

2     10. Geanakos downloaded an image titled "_hr_tiny
3 girls005.jpg" (Government's Exhibit 2) to his hard drive on April
4 23, 2013. This image shows a naked infant, with a male's penis
5 being pressed against the child's vagina. The image is a close-
6 up view of the child's genital area and the male's penis with his
7 hand on it.

8     11. Geanakos downloaded these and other images of child
9 pornography referenced at trial from the internet using peer-to-
10 peer software onto his hard drive (Government's Exhibit 100).

11     12. One of the file folders Geanakos downloaded was
12 titled "Todddlers, babies, little girls pthc pics."

13     13. Geanakos gave a voluntary statement to Detective
14 James Williams at his residence during the execution of the
15 search warrant. Geanakos indicated that at the time of the
16 search, he was working as a canvasser, soliciting people to sign
17 up for the 3rd party gas supplier from PG&E.

18     14. Geanakos indicated that on a scale of 1 to 10, with
19 a 1 being can find the power button and turn the computer on and
20 10 being someone who could perform forensics on a computer, his
21 knowledge of computers would be about a 6.

22     15. Geanakos initially lied in the interview, answering
23 "no" when asked whether he had ever seen any files of children
24 involved in sex when he downloaded files off the internet. He
25 also falsely answered "no" when asked if there was any reason
26 there would be files of kids involved in sex on his computer.

27     16. During the interview, once Detective Williams
28 described the forensic examination he would perform on the

computer, Geanakos eventually admitted that he had downloaded child pornography onto his computer.

17. During the interview, Geanakos stated that he knew that a loaded handgun was located in the dresser near his left hand while Detective Williams was interviewing him. Geanakos explained that he did not say anything about it initially to Detective Williams because he "didn't want [his] mom to get rolled for that."

18. Geanakos stated to Detective Williams that he had searched using the term "PTHC," which Geanakos knew stood for "preteen hard core," and computer forensic specialist Dale Lee confirmed that the user of the computer had searched using the term "PTHC."

19. Geanakos admitted to creating the "dl" folder, and computer forensic specialist Dale Lee confirmed that the "dl" folder was user-created. Over 13,000 child pornography and child erotica still images were found and 41 videos of child pornography were found (depicting audio and visual motion). Geanakos admitted during his interview with Detective Williams that he was searching for girls 13 and 14 years old, and sometimes infants and toddlers were downloaded.

20. Geanakos explained that he did not download any child pornography onto the family laptop computer because his mother also used that computer. The family laptop was not password protected. Geanakos's phone was also not password protected, and there was no child pornography on his phone.

21. Geanakos expressed regret to Detective Williams that "every time I look at something online I feel like shit

afterwards." He further stated his understanding of his dilemma: "So, I mean I just don't want to be fucked man. For the rest of my life I just don't want to be fucked." Geanakos identified his concern with having to register as a sex offender and the negative impact on his planned teaching career. Geanakos reemphasized, "I just don't want to, you know, be one of those perverts that don't want to . . . don't want it to affect my career."

22. Geanakos acknowledged he had 200 or 300 files of child pornography on his computer and recognized that this was a "big deal."

23. Geanakos further stated "God (inaudible) I always have this (inaudible) side, you know, I need to just get rid of that computer (inaudible). And I even thought that last night (inaudible) I should just get rid of that computer and just not have it anymore." He continued, "I know that like thing could sink me. That thing could sink me man and now here you are."

24. Geanakos was remorseful: "I know everyone ought to be punished for anything they do that's bad. It's just a natural way of things, you know, if you do something good you should get rewarded. If you do something bad you should get punished." Geanakos offered assurances: "I will never look at anything like that again. Cause after I . . . tell you the honest to god truth every time after I look at one of those images or the videos after a moment I realize I don't even like this."

25. The tone of the entire interview was calm and respectful.

26. At Detective William's suggestion, Geanakos wrote

an apology letter to the victims of child pornography in which he acknowledged that what happened to the victims "was wrong and disgusting. I have no valid excuse, all I can say is that I will never look at any photo or video of any exploited child again." He concluded, "I'm so sorry, I know it's wrong."

CONCLUSIONS OF LAW

1. The government has proved beyond a reasonable doubt that between on or about July 3, 2010, and continuing through on or about July 31, 2013, the defendant knowingly received one or more visual depictions in interstate commerce.

2. The government has proved beyond a reasonable doubt that the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct.

3. The government has proved beyond a reasonable doubt that such visual depictions were of a minor engaged in sexually explicit conduct.

4. The government has proved beyond a reasonable doubt that the defendant knew that such visual depictions were of sexually explicit conduct.

5. The government has proved beyond a reasonable doubt that at least one of the persons engaged in sexually explicit conduct in such visual depictions was a minor.

6. Therefore, the defendant, Christopher Geanakos, is guilty of Count One of the indictment, receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2).

Dated: February 28, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge