UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER GEANAKOS,<br><br>Defendant. | No. 2:13-cr-0404-GEB<br><br>**ORDER** |

Defendant Christopher Geanakos moves for bail pending appeal of his conviction, arguing his motion should be granted because the District Court "by Order without a hearing, granted the government's motion to Exclude Mental Health Evidence," Mot. at 5:4-5, ECF Nos. 130, 132,[1] giving rise to "novel substantial questions of law that are fairly debatable," id. at 8:9-10.

---

[1] Defendant filed two nearly identical motions in this matter. The first motion, filed August 31, 2017, is titled "Notice of Motion for Release Pending Appeal to 18 U.S.C. § 3145(b)(1)(B)(ii); Memorandum of Points and Authorities." The second motion, filed September 6, 2017, is titled "Unopposed Request for Submission Without Hearing; Notice of Motion for Release Pending Appeal to 18 U.S.C. § 3145(b)(1)(B)(ii); Memorandum of Points and Authorities; Declaration of Counsel." The only difference the Court can discern between the two motions is the inclusion, in the second motion, of Defendant's counsel's declaration, appended as page nine of his motion rather than as a separate attachment, in which Defendant's counsel declares he "ha[s] communicated with [the assigned] Assistant United States Attorney . . . [and the parties] have no objection to this Court taking [Defendant's] motion for bail on appeal under submission and ruling without a hearing." Mot. at 9:5-8, ECF No. 132. As such, no hearing will be held, and this order disposes of both motions: ECF No. 130 and ECF No. 132.

1

Defendant argues "[t]he issue of the admissibility of . . . expert testimony, given the novelty of the information on the condition, is one that at least require[d] a hearing under Daubert v. Merrell Dow Pharmacuticals, 509 U.S. 579 (1993)," id. at 6:22-24.

Federal law applicable to the motion provides in relevant part that a defendant, "found guilty of an offense and sentenced to a term of imprisonment," be detained during any appeal "unless the judicial officer finds . . . by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . reversal . . . [or] an order for a new trial . . . ." 18 U.S.C. §3143(b). The only question the parties contest is whether "the appeal raises a substantial question of law or fact." Opp. at 3:14, ECF No. 142 (quoting United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985)).

Trial judges are required under Daubert to conduct a "preliminary assessment of whether the reasoning or methodology underlying [proposed expert] testimony is scientifically valid and . . . whether that reasoning or methodology properly can be applied to the facts in issue." 509 U.S. at 592-93.

> To give shape to the inquiry . . . four factors . . . may bear on the analysis: (1) whether the theory can be and has been tested, (2) whether the theory has been peer reviewed and published, (3) what the theory's known or potential error rate is, and (4) whether the theory enjoys general acceptance in the applicable scientific community.

Murray v. S. Route Mar. SA, 870 F.3d 915, 922-23 (9th Cir. 2017) (citing Daubert, 509 U.S. at 593-94). "[T]he factors are not 'equally applicable (or applicable at all) in every case.'" Id. (citing Daubert v. Merrell Dow Pharm., Inc., 43 F.3d 1311, 1317 (9th Cir. 1995)). "District judges play an active and important role as gatekeepers examining the full picture of the experts' methodology and preventing shoddy expert testimony and junk science from reaching the jury." Id. (citing Daubert, 509 U.S. at 595-97).

Further, "[t]he district court has discretion [when deciding] whether to hold a Daubert hearing in determining whether to admit expert testimony." Millenkamp v. Davisco Foods Int'l, Inc., 562 F.3d 971, 979 (9th Cir. 2009) (citing In re Hanford Nuclear Reservation Lit., 292 F.3d 1124, 1138 (9th Cir. 2002)); see also United States v. Nacchio 555 F.3d 1234, 1244-45 (10th Cir. 2009)(indicating that the proponent of expert testimony "had no entitlement to a particular method of gatekeeping by the district court" and that "[t]he district court's failure to proceed as [the proponent] anticipated does not by itself constitute an abuse of discretion"); Oddi v. Ford Motor Co., 234 F.3d 136, 155 (3d Cir. 2000) ("[W]e reject [the proponent's] assertion that he was entitled to an in limine hearing before the court could reject his expert's testimony." (emphasis omitted)); cf. United States v. Alatorre, 222 F.3d 1098, 1100 (9th Cir. 2000) (emphasizing the Court's "broad discretion" in holding that "trial courts are not compelled to conduct pretrial hearings in order to discharge the gatekeeping function" before "expert testimony may be admitted at trial").

3

Defendant argues:

> The question of whether an expert like Mr. Mulligan, in a new and developing field of assessing and diagnosing people like Mr. Geanakos with Autism Spectrum Disorder ("ASD"), or high Functioning Autism Disorder, ("HFASD"), can testify to the basis for his opinion that Mr. Geanakos was insane at the time of the commission of the act supporting the alleged crime is novel. The novelty of the issue, in the legal sense, is that this disorder is one that, given its recent and newly identified features, does not have a large cadre of "experts" in the field of assessment and diagnosis.
>
> . . . Whether a trial court can preclude this testimony, and as such arguably deprive a defendant of his constitutionally guaranteed right to present a defense, is the broader "fairly debatable" issue that must be resolved on appeal.

Mot. at 6:15-7:2.

The government responds in opposition to the motion:

> This Court [properly] exercised its gatekeeping function, finding that: (a) Mulligan cited no peer-reviewed research, studies, or experiments in support of his opinions; (b) Mulligan's report was written in a conclusory fashion, unsupported by reliable principles and methods; (c) Mulligan stated only that he had been "asked" to provide expert testimony in the past, not that a court had accepted the testimony, nor what the issue was in those cases; and (d) Mulligan's report contained mainly generalities, insufficient to support the opinion testimony Mulligan would have stated. CR 93 at 7-12. Each of these findings was correct, and no jurist would find it even "fairly debatable" that the opinions set forth in the Mulligan report are reliable enough to be admissible as expert testimony on the issue of insanity. . . .
>
> . . .
>
> . . . The Mulligan Report lacks any of the indicators of reliability that the Supreme Court has established are requisite: there are no citations in the report; there is no

4

>reference to studies or the work of others in the field; there is no peer-reviewed research, or any research at all. . . .
>
>. . .
>
>. . . Under the particular facts of this case, the United States identified the lack of citations and support in the Mulligan Report, and the defense had an opportunity cure the problem but did not do so. CR 93 at 13. The Court correctly found that an evidentiary hearing would not be productive under these circumstances . . . .

Opp. at 6:19-9:4.

Defendant replies arguing "[t]he government's position . . . is tied a reading of Federal Rule of Evidence, ("FRE") 702 and the case law that is too restrictive" and that the proposed expert's "experience and training in this unique and rapidly developing area of mental health meet the qualification for an expert." Reply at 5:16-25, ECF No. 146.

Defendant's position would greatly weaken the gatekeeping function entrusted to this court by FRE 702 and Daubert. Here, the proposed expert's report was unsupported by reliable principles and methods and lacked hallmarks of scientific rigor: peer-reviewed research, studies, or experiments in support of his opinions. See Order 10:6-13:6, ECF No. 93. As written in that order: "The court's gatekeeping function requires more than simply 'taking the expert's word for it.'" Id. at 10:20-22 (quoting Fed.R.Evid. 702 advisory committee's note (2000 amends.)).

For the reasons set forth above and in the government's opposition to this motion, Defendant has not shown that his appeal raises a substantial question of law or fact. Therefore,

the motion is denied.

Dated: October 27, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge